UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
402 EAST STATE STREET
TRENTON, NJ 08608

CHAMBERS OF
GARRETT E. BROWN, JR.
JUDGE

ORIGINAL TO CLERK

September 27, 2006

RECEIVED
SEP 27 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

To:   All Parties

Re:   **Morales v. Schenecker, Civ. No. 06-4346 (GEB)**

Dear Parties:

This matter comes before the Court upon *pro se* plaintiff Jose Morales' ("Plaintiff") application for an order to show as to why the Court should not order temporary restraints against defendants Allan Schenecker, William Himelmen, and Paul Jamison ("Defendants").

On September 15, 2006, Plaintiff filed the present application. Plaintiff claims that he was "charged with simple assault . . . by a Complaint alleged and signed by the alleged victim, Allan Schenecker." (Br. 1.) Plaintiff states that after appearing before "several judges of the Municipal Court in the Borough of Red Bank," Mr. Schenecker and his attorney, Mr. Jamison, "made arrangement for the Plaintiff to appear before Judge Himelman, who acknowledged that he had known both Mr. Schenecker and Mr. Jamison since they were small boys." (*Id.* 2.) Plaintiff states that "Judge Himelman arraigned the Plaintiff on the Complaint and set the matter for trial without advising the Plaintiff of his right to representation" and failed to "refer the matter to the State Public Defenders' Office . . . ." (*Id.*) According to Plaintiff, he was "tried and convicted [without representation] with the complaining witness' attorney acting in the capacity

1

of private prosecutor." (*Id.*) Plaintiff claims that he "objected to the proceedings and sought to file written pleadings in the nature of a motion to stay proceedings and an Interlocutory Appeal to the Superior Court," and that "Judge Himelman refused to accept the Plaintiff's pleadings and instructed his clerk that no papers [were] to be accepted from the Plaintiff." (*Id.*) According to Plaintiff, he "was scheduled to be sentenced on July 13, 2006," but "[t]he matter was postponed until September 21, 2006." (*Id.*) "It is the contention of the Plaintiff, that if allowed to be sentenced under the circumstances described above, such sentence would represent a violation of [his] due process rights . . . protected by the 14th Amendment to the Federal Constitution." (*Id.*)

Plaintiff requests that this Court issue an order for temporary restraints. He has not, however, filed a complaint in this action. Plaintiff sent his application to the Court by mail, and did not appear on the day that the application arrived. According to the Certificate of Service attached to Plaintiff's application, a copy of Plaintiff's application was mailed to Defendants on September 11, 2006. (Certificate of Service 1.)

**Plaintiff's Application for an Order to Show Cause and Temporary Restraints**

Plaintiff seeks an order to show cause and temporary restraints. Local Civil Rule 65.1(a) sets forth the procedure for seeking emergency relief. The rule states that:

> [a]ny party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint or verified counterclaim or by affidavit during the pendency of the action. No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary.

L. Civ. R. 65.1(a).

Plaintiff has not explained why Defendants' alleged conduct warrants the issuance of an order to show cause instead of adhering to the usual motions practice, or waiting for appeal of any decision rendered by the state court. Moreover, Plaintiff did not include an affidavit in support of his application. Despite his allegations, Plaintiff has not provided to the Court, as required by Local Civil Rule 65.1(a), with "a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." Absent such a showing, the Court finds it inappropriate to issue an order to show cause or temporary restraints.

In addition to his failure to satisfy the requirements of Local Civil Rule 65.1(a), Plaintiff has also failed to properly file a complaint in this action. The Court will therefore not construe Plaintiff's motion as one seeking a preliminary injunction pursuant to the usual motions practice. No further motions will be considered until a complaint has been properly filed and served upon Defendants.

For these reasons, Plaintiff's application for an order to show cause and for temporary restraints is denied, and this case is dismissed without prejudice.

Very truly yours,

GARRETT E. BROWN, JR.
Chief Judge

cc:   Jose Morales
      117 River St.
      Red Bank, NJ  07701

Jamison & Jamison
24 Merchants Way
Suite 100
Colts Neck, NJ  07722

Judge Himelmen
90 Monmouth St.
Red Bank, NJ  07701